## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| **DIANNA BARKER**, on behalf of herself and others similarly situated, ) ) | Case No. |
| Plaintiff, ) ) | |
| vs. ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **EMBASSY HEALTHCARE MANAGEMENT INC.**, ) ) ) | **JURY DEMAND INCLUDED HEREON** |
| -and- ) ) | |
| **EMBASSY HEALTHCARE, INC.**, ) ) | |
| -and- ) ) | |
| **EMBASSY EUCLID, LLC**, ) ) | |
| Defendants. ) | |

Representative Plaintiff Dianna Barker ("Representative Plaintiff"), for her Collective and Class Action Complaint against Defendants Embassy Healthcare Management Inc. ("Defendant EH Management"), Embassy Healthcare, Inc. ("Defendant Embassy Healthcare"), and Embassy Euclid, LLC ("Defendant Embassy Euclid") (jointly and severally, "Defendants"), states and alleges as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA") and Ohio R.C. 4113.15.

2. Representative Plaintiff brings this FLSA collective action on behalf of herself and other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of other similarly situated employees employed by Defendants in Ohio, to remedy violations of the OMFWSA and Ohio R.C. 4113.15.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's Ohio claims because they are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants' principal places of business are in this district and division, and a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

7. Representative Plaintiff is a resident of Euclid, Ohio (Cuyahoga County). She was jointly employed by Defendants as an hourly, non-exempt Assistant Director of Nursing within the last three years, last working for Defendants in approximately November 2022. Representative Plaintiff's written consent is attached as **Exhibit A**.

8. Defendants EH Management and Embassy Healthcare are Ohio for-profit corporations with the shared principal place of business located at 25201 Chagrin Blvd., Suite 190, Beachwood, Ohio 44122 (Cuyahoga County). Both can be served at the same registered agent: Eric M. Simon, 200 Public Square, Suite 3500 Cleveland, OH 44114.

9. Defendant EH Management has registered with the State of Ohio the trade name "Embassy Healthcare."[1]

10. Defendant Embassy Euclid is an Ohio limited liability company registered to do business in Ohio. It has registered with the State of Ohio the fictious names "Regent of Euclid"[2] and "Embassy of Euclid".[3] Its principal place of business is 25201 Chagrin Blvd., Ste. 190, Beachwood, Ohio 44122 (Cuyahoga County). It can be served at its registered agent: L & M Statutory Agent, LLC, at 100 North Main Street, Suite 350, Chagrin Falls, Ohio 44022.

11. Defendants paid Representative Plaintiff through Defendant Embassy Euclid.

## FACTUAL ALLEGATIONS

**A. Defendants are joint employers of Representative Plaintiff and those similarly situated.**

12. Defendants operate, control, and employ employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all relevant times, Defendants jointly employed hourly, non-exempt employees, including, Representative Plaintiff and similarly situated employees.

14. Defendants are jointly and severally liable for the unpaid wages, including unpaid overtime, alleged herein as joint employers of Representative Plaintiff and those similarly situated.

15. "Embassy Healthcare was founded in 1998 and oversees a range of assisted living, adult day care and skilled nursing and rehabilitation centers throughout Ohio, Pennsylvania, and

---

[1] https://bizimage.ohiosos.gov/api/image/pdf/202228601054 (last viewed 3/8/23).

[2] https://bizimage.ohiosos.gov/api/image/pdf/202124204304 (last viewed 3/9/23).

[3] https://bizimage.ohiosos.gov/api/image/pdf/202124204058 (last viewed 3/9/23).

3

Florida [and Virginia]."[4]

16. Defendants jointly operate approximately 51 locations across Ohio (33),[5] Pennsylvania (11),[6] Florida (6),[7] and Virginia (1).[8]

17. At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditional of employment for Representative Plaintiff and those similarly situated.[9]

18. At all relevant times, Defendants shared direct or indirect control and authority over the working conditions of Representative Plaintiff and those similarly situated.

19. At all relevant times, Defendants shared the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

20. As joint employers, Defendants jointly hire and fire employees, supervise and control the work scheduled and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

21. The work performed by Representative Plaintiff and similarly situated employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are collectively the joint employers of Representative Plaintiff and other similarly

---

[4] https://embassyhealthcare.net/about-us/; https://embassyhealthcare.net/sitemap/; https://embassyhealthcare.net/location-search/ (last viewed 3/9/2023).

[5] https://embassyhealthcare.net/ohio/ (last viewed 3/9/23).

[6] https://embassyhealthcare.net/pennsylvania/ (last viewed 3/9/23).

[7] https://embassyhealthcare.net/florida/ (last viewed 3/9/23).

[8] https://embassyhealthcare.net/virginia/ (last viewed 3/9/23).

[9] *See e.g.*, https://embassyhealthcare.net/careers/ (last viewed 3/9/23).

4

situated employees under the FLSA's broad definition of "employer."

22. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of Defendants' locations, including policies, practices, and procedures relating to the payment of wages, overtime, meal break deductions, and timekeeping.

**B. Defendants failed to pay Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime and unpaid regular wages on a semi-monthly basis.**

23. At all relevant times, Defendants had a company-wide policy and practice of automatically deducting 30 minutes from the daily work hours of Representative Plaintiff and those similarly situated for meal breaks.

24. At all relevant times, Defendants jointly suffered or permitted Representative Plaintiff and other similarly situated employees to perform work that resulted in missed or interrupted meal breaks even though Defendants still deducted such time from their work hours. The work that Representative Plaintiff and other similarly situated employees performed during the missed or interrupted meal breaks was for Defendants' benefit.

25. At all relevant times, Representative Plaintiff and those similarly situated worked 40 or more hours per workweek.

26. As common in the healthcare industry, Defendants' facilities were regularly understaffed and Representative Plaintiff and similarly situated employees were too busy with work to either take a meal break or had their meal breaks interrupted by work duties. Nonetheless, Defendants still automatically deducted a 30-minute meal break from their daily work hours which resulted Representative Plaintiff and those similarly situated not being paid all regular wages and not being paid all of their overtime compensation in violation of the FLSA and Ohio law.

27. Representative Plaintiff and those similarly situated were not exempt from the wage

and overtime protections of the FLSA and Ohio law. For example, Employees similarly situated to Representative Plaintiff were paid on an hourly basis.

28. Representative Plaintiff was paid an hourly rate of approximately $40.87.[10] Additionally, because of the constant understaffing, Representative Plaintiff's primary duties consisted of non-exempt work, alongside other similarly situated non-exempt employees.

29. Defendants knowingly and willfully failed to pay Representative Plaintiff and those similarly situated for the time they spent working during the automatically deducted meal breaks. For example, the understaffing and missed lunches were well-known to Defendants' management, and employees routinely complained about Defendants' policy of deducting lunches that were missed or interrupted.

30. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with applicable federal and Ohio wage and overtime laws, and knew that they were required to pay the Representative Plaintiff and those similarly situated for all hours worked, including overtime compensation. For example, in 2016, Defendants EH Management and Embassy Health settled a similar claim for failure to pay for missed unpaid or interrupted lunches. *See e.g.*, *Channels v. Embassy Healthcare, Inc. et al*, N.D. Ohio, Case No. 1:16-cv-01806-DCN.

## COLLECTIVE ACTION ALLEGATIONS

31. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C.

---

[10] Representative Plaintiff was also paid a bonus of approximate $200 for picking up shifts, and therefore, expressly reserves the right to amend this Complaint to include regular rate violations, should discovery reveal such a claim.

6

§ 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former hourly employees who were employed by Defendants, who worked 40 or more hours, and who were subject to Defendants' automatic lunch deductions in any workweek during the period from three (3) years preceding the filing of this Complaint through the final disposition of this matter.**

33. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that: (1) they were hourly, non-exempt employees of Defendants; (2) they were entitled to payment of overtime compensation for hours worked in excess of 40 hours per workweek; (3) they were subjected to and injured by Defendants' unlawful practice of automatically deducting a 30-minute meal break from their daily work hours even when they took no break or their breaks were interrupted by work duties; and (4) they have the same claim for unpaid overtime, liquidated damages, attorneys' fees, and costs.

34. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

35. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

36. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws

of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former hourly employees who were employed by Defendants, who worked 40 or more hours, and who were subject to Defendants' automatic lunch deductions in any workweek during the period from two (2) years preceding the filing of this Complaint through the final disposition of this matter.**

38. The Ohio Class is so numerous that joinder of all class members is impracticable, but estimated to exceed 100. The exact number of class members as well as their identities are ascertainable from the payroll records Defendants have maintained, and were required to maintain pursuant to Ohio law. Ohio Const. Art. II, § 34a.

39. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Representative Plaintiff and other Class members for the time they spent working through missed and/or interrupted unpaid meal breaks?

> Whether Defendants' failure to pay Representative Plaintiff and other class members for the time they spent working through meal breaks resulted in unpaid overtime compensation and/or not being paid on a semi-monthly basis?

> Whether Defendants kept adequate records of the hours worked by Representative Plaintiff and the other class members?

40. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other class members.

41. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

42. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all Ohio Class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

44. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

46. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA.

47. At all times relevant, Defendants were joint "employers" within the meaning of the FLSA.

48. At all times relevant, Defendants were, individually and jointly, enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

9

49. At all times relevant, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

50. The FLSA requires that Defendants' non-exempt employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

51. At all times relevant, Defendants jointly employed the Representative Plaintiff and the FLSA Collective Members as non-exempt employees.

52. Representative Plaintiff and the FLSA Collective Members regularly worked 40 or more hours per workweek.

53. As non-exempt employees, Representative Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

54. Defendants violated the FLSA with respect to the Representative Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over 40 hours in a workweek because of Defendants' companywide policy of automatically deducting a 30-minute meal break from the Representative Plaintiff's and the FLSA Collective Members' daily work hours for meal breaks that were not taken or meal breaks that were interrupted by work duties.

55. At all relevant times, Defendants knew that they were required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

56. By engaging in the practice described herein, Defendants willfully violated the FLSA.

57. As a result of Defendants' violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due

to them pursuant to the FLSA. Accordingly, Representative Plaintiff and the FLSA Collective Members are entitled to their unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## COUNT TWO
### (Ohio Class - Overtime Violations)

58. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Representative Plaintiff brings this claim for violation of the OMFWSA on behalf of herself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

60. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the OMFWSA.

61. At all times relevant, Defendants were joint "employers" covered by the OMFWSA.

62. The OMFWSA requires that Defendants' non-exempt employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

63. At all relevant times, Defendants employed the Representative Plaintiff and the Ohio Class Members as non-exempt employees.

64. Representative Plaintiff and the Ohio Class Members regularly worked 40 or more hours per workweek.

65. As non-exempt employees, Representative Plaintiff and the Ohio Class Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

66. Defendants violated the OMFWSA with respect to the Representative Plaintiff and

the Ohio Class by failing to pay overtime for all hours worked over 40 hours in a workweek because of Defendants' companywide policy of automatically deducting a 30-minute meal break deduction from the Representative Plaintiff's and the Ohio Class Members' daily work hours for meal breaks that were not taken at all or meal breaks that were interrupted by work duties.

67. Defendants' violations of the OMFWSA injured Representative Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to Ohio law. Accordingly, Representative Plaintiff and the FLSA Collective Members are entitled to their unpaid overtime compensation, attorneys' fees and costs.

**COUNT THREE**
**(Ohio Class - Failure to Pay Wages on a Semimonthly Basis)**

68. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Ohio R.C. 4113.15(A) requires that Defendants pay Representative Plaintiff and the Ohio Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

70. There is no dispute that Defendants have an obligation to pay employees for all hours worked, including regular wages. However, Defendants did not pay Plaintiff and the Class all wages earned for all work performed during their workdays.

71. Representative Plaintiff and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday and therefore not all wages earned have been paid on a semi-monthly basis in violation of Ohio R.C. 4113.15.

72. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

73. As a result of Defendants' willful violation, Representative Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio R.C. 4113.15.

## PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a Rule 23 class action;

C. Enter judgment against Defendants, jointly and severally, and in favor of Representative Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class actual damages for unpaid wages;

E. Award Representative Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages;

F. Award Representative Plaintiff and the Ohio Class unpaid wages remaining unpaid on a semi-monthly basis, plus liquidated damages in an amount equal to six per cent (6%) of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

G. Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

H. Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class attorneys' fees, costs, and disbursements; and,

I. Award Representative Plaintiff, the Opt-Ins who join, and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar # 0086195)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Shannon M. Draher (OH Bar # 0074304)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

*Counsel for Plaintiff*
